# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES ROBINSON, )<br>  )<br>             Plaintiffs, )<br>  )<br>vs. )<br>  )<br>  )<br>ANTHONY MURRAY, et al., )<br>  )<br>             Defendants. )<br>_____ ) | Case No. 2:11-cv-01664-GMN-GWF<br><br>**ORDER AND REPORT AND**<br>**RECOMMENDATION**<br><br>Application to Proceed in Forma<br>Pauperis (#3) and Screening of Complaint |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#3), filed on November 8, 2011.

## BACKGROUND

Plaintiff brings this §1983 suit against North Las Vegas Metropolitan Police Officers Bill Brooks and Victor Dunn along with United States Attorneys Anthony Murray, Noelle Halaby, and Andrew Duncan. In Count I, Plaintiff alleges a violation of his Fourth Amendment rights based on his invalid arrest, prosecution, and conviction. Plaintiff alleges that Officer Brooks planted drugs in his residence on at least two occasions. As proof of Plaintiff's allegations, Plaintiff alleges Officer Brooks is serving 10 years to life in prison for corruption.

In Count II, Plaintiff alleges violations of his Fourth and Fifth Amendment rights. Plaintiff claims that United States Attorneys Anthony Murray, Andrew Duncan and Noelle Halaby indicted and prosecuted him despite the fact that they knew Officer Brooks lied in his affidavits in support of the search warrant. Plaintiff further claims that the United States Attorneys withheld evidence of his actual innocence; Plaintiff claims that there are 3 audio tapes in the government's possession that prove his innocence. Plaintiff alleges that these United States Attorneys prosecute individuals for financial gain.

Finally, in Count III, Plaintiff claims that on February 16, 1995, a search warrant was obtained by a false statement made by Officer Brooks in violation of Plaintiff's Fourth Amendment right to privacy. Plaintiff alleges that Officer Brooks lied about an informant that never even existed in order to get the judge to sign off on the search warrant. Plaintiff is requesting twenty-five million dollars in damages. Plaintiff further demands that the evidence of his innocence, which he alleges is in the United States Attorney's possession, be brought to light.

## I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Robinson's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In

making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### A.    Counts I and III

In this case, it appears that the crux of Plaintiff's complaint is that he was unlawfully arrested and convicted due to an alleged invalid affidavit attached to search warrant and/or Officer Brooks planting drugs in his residence. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. 512 U.S. at 486-87.

From the documents filed in this case, it appears that Plaintiff remains incarcerated pursuant to the sentence imposed in the criminal action that forms the crux of this case. Nothing in his complaint indicates that his conviction has been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a

habeas proceeding. To the extent that *Heck* applies and bars the claims raised in Plaintiff's § 1983 complaint, such complaint has no basis in law and is subject to dismissal as legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996) (holding that "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question"). Count I and III directly challenge the validity of the search warrant and subsequent conviction of Plaintiff. Under *Heck*, the Court therefore recommends that Count I and III be dismissed with prejudice.

### B.     Count II

Prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from a section 1983 civil suit for damages related to the presentation of a criminal prosecution); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (holding prosecutorial immunity extends to actions during both the pre-trial and post-trial phase of a case). Here, Plaintiff alleges Andrew Duncan, Anthony Murray and Noelle Halaby intentionally withheld evidence of Plaintiff's innocence and continued to prosecute Plaintiff even though they knew Officer Brooks' affidavit was fabricated. Because this conduct relates to the presentation of Plaintiff's criminal prosecution, prosecutorial immunity extends to these actions. Further, in Count II, Plaintiff is directly attacking the validity of his criminal conviction, and therefore, under *Heck*, this claim is legally frivolous. As a result, the Court will recommend that Count II be dismissed with prejudice on grounds of prosecutorial immunity and the *Heck* doctrine. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting forma pauperis status shall not extend to the issuance of subpoenas at government expense.

1    **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
2    Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada,
3    20% of the preceding month's deposits to Plaintiff's account (inmate #30289-048), in the months that
4    the account exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the
5    Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also
6    send a copy of this Order to the attention of the Chief of Inmate Services for the FCC Victorville P.O.
7    Box 5300, Adelanto, California, 92301.

8    **IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint (#1).

### RECOMMENDATION

10   **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1) be dismissed with
11   prejudice based on the *Heck* doctrine and prosecutorial immunity.

### NOTICE

13   Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
14   writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held
15   that the courts of appeal may determine that an appeal has been waived due to the failure to file
16   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also
17   held that (1) failure to file objections within the specified time and (2) failure to properly address and
18   brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
19   issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt
20   v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

21   DATED this 12th day of December, 2011.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge